**BREWING CORPORATION OF AMERICA v. CLEVELAND TRUST CO. et al.**
**Civ. No. 25606.**

District Court of the United States,
N. D. Ohio, E. D.
Nov. 30, 1949.

John Ladd Dean, Geo. M. Austin, Cleveland, Ohio, for plaintiff.

H. W. Hopf, Cleveland, Ohio, for defendant Cleveland Trust Co.

McAfee, Grossman, Taplin, Hanning, Newcomer & Hazlett, Cleveland, Ohio, for defendants Schael and another.

JONES, Chief Judge.

At the suggestion of the Court and by agreement of the parties the single issue has been fully heard and argued, as to whether the agreement between the parties for the sale of a certain quantity of so-called brewer's rice, became affected, in respect of certain of the cars, by the Price Control Extension Act of 1946, effective July 25, 1946, 50 U.S.C.A.Appendix, § 901 et seq. This procedure was adopted by the Court for the reason that the determination of this issue favorably to these defendants would result in termination of the controversy.

The question is not without difficulty, but due to other issues which eventually or subsequently may or may not have to be heard and determined, decision promptly must be made, although with full consideration, which I think has been given, in order to do justly between the parties under all the circumstances and the legal and equitable considerations involved.

In this case the seller agreed to sell—the buyer agreed to buy—a certain identified quantity of brewer's rice for a definite price, upon fixed terms, on July 15, 1946. It is my opinion that this was a transaction completed in respect of the transfer of the definite lot of brewer's rice from seller to purchaser between June 30th and July 25, 1946. Nothing remained save fulfillment of the obligations theretofore mutually agreed upon, but delivery of and payment for the rice.

It is my view that the saving clause of the retroactive extension act applies to this transaction since the clause does not confine its terms to the narrow application claimed for it by the plaintiff.

In any event, the saving clause neither expressly nor impliedly excludes fulfillment of the obligations or mechanics of a transaction occurring during the hiatus, that is, between June 30th and July 25, 1946. It would have been easy to use the term "transaction completed and obligations fulfilled" rather than "transactions occurring". The transaction was not affected by the subsequent enactment of the Extension Act.

The parties, in good faith, entered into a lawful, binding engagement which was a completed transaction at a time when no price control was in effect and the subsequent enactment of the retroactive extension act, coupled with its saving clause, did not impair or invalidate the obligations under the contract to deliver and to pay for the brewer's rice in accordance with the terms of the valid contract.

It is assumed that Congress was acting constitutionally in passing the Price Con-

trol Extension Act and by the inclusion of the saving clause recognized its congressional limitations in respect of the impairment of contracts (that is, transactions) occurring when no law was in effect, and also the inhibition against the enactment of ex post facto laws as respects the criminal features of the extended price control act. This, it seems to me, was the meaning and purpose of the saving clause regardless of the congressional conference colloquy or debates, although there is considerable support therein for defendants' interpretation.

For this reason I think the cases relied on by plaintiff as to the situations occurring or in existence just prior to the original enactment of the Price Control Act are not analogous to situations existing during the hiatus. In the first instance all agreements were invalidated when the original law became effective—but in the latter case, provision was made for validity of transactions occurring prior to the effective date of the Extension Act. Nor do I think the rent control case cited for analogy is in point of the transaction here. Here the agreement did not involve continuous or future conduct but did involve a completed agreement for present performance.

What was done by the authorized brokers of both seller and buyer was binding upon the principals, and the nature of the transaction, based upon the exchange of instruments and papers, in my opinion, constituted, at the least, a legal transfer and constructive delivery of the rice to the buyer, and the method adopted for shipment and the papers relating thereto definitely seem to me to have been intended for security purposes.

■ In this view of the matter the transaction was completed and closed in respect of the rights of the buyer and the seller in the rice, and the difficulties and mechanics of transportation and delivery may not legally or equitably be made the means of invalidating the contract between the parties in respect of the cars not delivered prior to the effective time of the Price Control Extension Act.

I think each case turns or is to be determined upon its own facts and no rule or precedent is attempted to be established here.

■ From the facts before me it is my judgment that the full balance of the contract price for the rice, with interest, is due the defendants and that the obligation of the plaintiff to pay was not impeded and has not been excused or invalidated by the Price Control Extension Act.

In sum, the transaction was not affected by that Act, nor subject to its provisions because the Act itself provided that such transactions were not to be considered in violation of the law.

To all of which the plaintiff may reserve exceptions.

The defendants will prepare and submit proper findings and conclusions for adoption by the Court, after submission to plaintiff for such objections as it may enter, following which an order may be entered in accordance therewith. This ruling is intended to result in judgment for the defendants above named as their interest may appear.